UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JUNLIANG LAI,

        Petitioner,

    v.                                                  Case No. 24-C-1140

U.S. DEPARTMENT OF
HOMELAND SECURITY, et al.,

        Respondents.

---

## DECISION AND ORDER GRANTING MOTION TO REMAND

---

       Petitioner Junliang Lai, a native of China, applied for United States citizenship and was interviewed by the United States Citizenship and Immigration Services (USCIS) on January 2, 2024, to determine his eligibility for naturalization. USCIS did not reach a decision on Petitioner's application for several months. Under 8 U.S.C. § 1447(b), if USCIS fails to make a determination within 120 days of an applicant's interview, the applicant may seek relief in the district court. Petitioner filed this action on September 20, 2024, against Respondents U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services, Secretary of the Department of Homeland Security Alejandro Mayorkas, Director of U.S. Citizenship and Immigration Services Ur Mendoza Jaddou, and Milwaukee Field Office Director of U.S. Citizenship and Immigration John Pruhs, requesting that the court conduct a de novo hearing on his application or remand the matter with instructions to decide the application within 30 days of the order.

       On October 24, 2024, USCIS issued a decision denying Petitioner's naturalization application. "[W]hen an applicant for naturalization has properly invoked § 1447(b) and brought an application to the district court, that court has exclusive jurisdiction over the naturalization

application unless and until the matter is remanded to the agency." *Aljabri v. Holder*, 745 F.3d 816, 821 (7th Cir. 2014). Because USCIS did not have jurisdiction to act on Petitioner's application, its denial of Petitioner's naturalization application is void. Recognizing that USCIS did not have jurisdiction to act on the naturalization application once Petitioner initiated this action, Respondents filed a motion to remand the matter to USCIS so that the agency can issue a new decision on the application within 14 days.

Petitioner's petition for a de novo naturalization hearing sought, in the alternative, an order remanding to USCIS for a prompt decision. Not surprisingly, now that USCIS has issued an unfavorable decision, Petitioner opposes remand and requests that the court maintain jurisdiction of the petition and issue a final decision on the matter. Under the circumstances presented, I conclude that remanding this matter to USCIS will more efficiently resolve Petitioner's application and preserve judicial resources. "Generally speaking, a court . . . should remand a case to an agency for decision of a matter that statutes place primarily in agency hands. This principle has obvious importance in the immigration context." *I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16 (2002). USCIS has significant expertise in this area, and as evidenced by the October 24, 2024 decision, it is in a position to make an immediate determination on Petitioner's application. Assuming that USCIS decides to deny the application, Petitioner may then pursue his administrative remedies. *See* 8 C.F.R. § 336.2. If, at the conclusion of the administrative proceedings, Petitioner remains dissatisfied with the agency's decision, he may seek de novo judicial review under 8 U.S.C. § 1421(c).

Respondents request that the court administratively close the case subject to reopening should USCIS fail to comply with the court's remand instructions. The court will not

administratively close the case. In the event USCIS does not comply with the court's remand instructions, Petitioner may move to reopen the case.

**IT IS THEREFORE ORDERED** that Respondents' motion to remand (Dkt. No. 5) is **GRANTED**. This matter is remanded to USCIS with instructions to make a decision on Petitioner's naturalization application within 14 days of the date of this order. Petitioner shall have 33 days from the date of the decision to respond. USCIS must then issue a final decision within 75 days of Petitioner's response or from the date of the response deadline.

Dated at Green Bay, Wisconsin this 11th day of December, 2024.

          s/ William C. Griesbach
          William C. Griesbach
          United States District Judge